CAROL E. SCHULTZE (Florida Bar 756083)
Email: SchultzeC@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5628
Washington, DC 20549
Telephone: (202) 551-4958

CHARLES E. CANTER (Cal. Bar No. 263197)
Email: canterc@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine Zoladz, Associate Regional Director
Gary Y. Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff/Petitioner*,<br>v.<br><br>DAVID THOMPSON LAURANCE,<br><br>*Defendant/Respondent*. | Case No.: 8:22-mc-00016<br><br>**JUDGMENT ENFORCING ORDER OF THE SECURITIES AND COMMISSION AGAINST DAVID THOMPSON LAURANCE [13]** |

The Plaintiff, Securities and Exchange Commission (the "Commission"), having applied to the Court for a Judgment pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce compliance by the Defendant/Respondent, David Thompson Laurance, ("Laurance"), with a final Commission order entered against him on August 14, 2018, which, in part, required Laurance to pay a civil money penalty of $30,000,

plus additional interest pursuant to 31 U.S.C. § 3717 and injunctive relief, and it appearing to the Court that such a Judgment should enter, it is hereby:

### I.

**ORDERED, ADJUDGED, AND DECREED** that the Commission Order be and the same hereby is enforced.

### II.

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Laurance shall pay a civil money penalty of $30,000, plus outstanding interest pursuant to 31 U.S.C. § 3717 until the entry of Judgment, together with postjudgment interest pursuant to 28 U.S.C. § 1961 from the date of the entry of this Judgment.

Defendant may transmit payment in one of the ways set forth in paragraph V below. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

### III.

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Laurance shall cease and desist from committing or causing any violations and any future violations of Section 5(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

### IV.

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Laurence is (a) prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d); and (b) barred from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other

person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

## V.

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Laurance shall make payment in one of the following ways:

(1) Laurance may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2) Laurance may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3) Laurance may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:
Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying Laurance as Defendant in this action, and the name of this Court and the docket number of this action; a copy of the cover letter and check or money order must be sent to Carol E. Schultze, Securities and Exchange Commission, 100 F Street, NE, Mail stop 5628, Washington, DC 20549-5628.  Upon such payments being fully made, the Commission will provide Laurance with a full satisfaction of judgment and discharge any judgment lien it may have docketed.

Amounts ordered to be paid as civil money penalty pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all

tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Commission. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts giving rise to the Commission Order.

## VI.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court notes that the Commission, in setting the penalty amount due herein, considered sworn representations submitted by Laurance in his Statement of Financial Condition (with documentation) which were used to support Laurance's assertions of an inability to pay the full penalty which could have been assessed against him. Based upon these sworn representations, the Commission ordered Laurance to pay a reduced penalty in the amount of $30,000. At any time following the entry of this Judgment, should the Commission's Division of Enforcement develop evidence that Laurance provided fraudulent, misleading, inaccurate or materially incomplete information in his sworn representations to the Commission to obtain a reduced penalty, the Commission may petition the Court to: (1) reopen this matter to consider whether Laurance provided accurate and complete financial

information at the time such representations were made; and (2) seek an order directing payment of the maximum civil penalty allowable under the law.  Given the limited nature of these proceedings, no other issue shall be considered in connection with such a petition other than whether the financial information provided by Laurance was fraudulent, misleading, inaccurate, or incomplete in any material respect. Laurance may not, by way of defense to any such petition: (1) contest the findings in the Commission's or Court's Orders; (2) assert that payment of a penalty should not be ordered; (3) contest the imposition of the maximum penalty allowable under the law; or (4) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VII.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, subject to the foregoing, may order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

## VIII.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.  Post Judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

## IX.

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Application are true and admitted by Laurance, and further, any debt for civil penalties or other amounts due by Laurance under this Final Judgment. or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, constitutes  a debt for the violation of the federal securities laws or any regulation

or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

Dated: November 10, 2022

*David O. Carter*
**UNITED STATES DISTRICT JUDGE**